# Exhibit 5

TRAVIS J. ILES
SECURITIES COMMISSIONER

CLINTON EDGAR
DEPUTY SECURITIES COMMISSIONER

Mail: P.O. BOX 13167
AUSTIN, TEXAS 78711-3167

Phone: (512) 305-8300
Facsimile: (512) 305-8310



*Texas State Securities Board*

208 E. 10th Street, 5th Floor
Austin, Texas 78701-2407
www.ssb.texas.gov

E. WALLY KINNEY
CHAIR

KENNY KONCABA
MEMBER

ROBERT BELT
MEMBER

MELISSA TYROCH
MEMBER

EJIKE E OKPA II
MEMBER

| | |
|---|---|
| IN THE MATTER OF | § |
| NEXO CAPITAL INC. | § |

§ **ORDER NO. ENF-23-CDO-1871**

## CONSENT ORDER

### INTRODUCTION

WHEREAS the Nexo Group, Nexo Inc., Nexo Capital Inc., Nexo Financial LLC, and their affiliates, successors, and assignees (collectively, "Nexo") are financial services companies, and affiliates thereof;

WHEREAS, the sole Respondent Nexo Capital Inc. has offered and sold interest-bearing digital asset accounts called Earn Interest Product ("EIP") accounts, which allow clients to earn interest on digital assets;

WHEREAS Antoni Trenchev ("Trenchev") is co-founder and Managing Partner of the Nexo Group and a director and manager of certain companies within the Nexo Group, including Nexo Capital Inc.;

WHEREAS state securities regulators, as part of a North American Securities Administrators Association ("NASAA") Working Group that includes regulators from the states of Washington, California, Kentucky, New York, Oklahoma, Indiana, Maryland, South Carolina, Vermont, and Wisconsin (the "NASAA Working Group"), have conducted an investigation into whether the EIP involved the offer and sale of unregistered securities by Nexo to retail investors, among other things; and

WHEREAS Nexo has reached an agreement with the NASAA Working Group to resolve the investigation with respect to the 50 states, the District of Columbia, Puerto Rico, and the U.S. Virgin Islands (collectively, the "53 Jurisdictions"); and

Nexo Capital Inc. has advised the NASAA Working Group of its agreement to resolve the securities investigation pursuant to the terms specified in this Consent Order (the "Order") and pursuant to the multistate resolution recommended by the NASAA Working Group; and

Nexo Capital Inc. shall cease and desist offering or selling the EIP or any security that is not registered, qualified, or exempt to new clients in the United States and cease accepting further investments or funds in the EIP accounts by current U.S. clients, unless and until the EIP or other securities are registered, qualified, or otherwise exempt; and

As of the date of entry of this Order, Nexo Capital Inc. has amended and updated their terms of service, and any other terms or conditions of Nexo's relationship with residents of the 53 Jurisdictions, to reflect that residents of the 53 Jurisdictions are the title, beneficial, and legal owners of all fiat currency and digital assets held in their EIP accounts; and

Nexo Capital Inc. shall pay up to a total of Twenty-Two Million Five Hundred Thousand dollars ($22,500,000) in settlement payments divided equally among the 50 states, the District of Columbia, Puerto Rico, and the U.S. Virgin Islands and paid to each of the 53 Jurisdictions that enter into a consent order pursuant to the terms of Nexo Capital Inc.'s agreement with the NASAA Working Group; and

Nexo Capital Inc. elects to waive permanently any right to a hearing and appeal under Texas Securities Act, Tex. Gov't Code §§ 4001.001-4001.105 (the "Texas

Securities Act") and the Administrative Procedure Act, Tex. Gov't Code Ann. §§ 2001.001-2001.902 (the "Administrative Procedure Act") with respect to the entry of this Order; and

Nexo Capital Inc. admits the jurisdiction of the Texas State Securities Board in this matter; and

Solely for the purpose of terminating the NASAA Working Group's securities investigation and in settlement of the issues contained in this Order, Nexo Capital Inc., without admitting or denying the findings of fact or conclusions of law contained in this Order, consents to the entry of this Order. Notwithstanding the foregoing, Nexo Capital Inc. will admit the findings of fact and conclusions of law for the purposes of exceptions to discharge in bankruptcy proceedings under any jurisdiction, including the proceedings set forth in sections 523 and 1192 of the Bankruptcy Code, 11 U.S.C. §§ 523; 1192.

NOW, THEREFORE, the Securities Commissioner (the "Commissioner"), as administrator of the Texas Securities Act, hereby enters this Order:

## FINDINGS OF FACT

1. The Texas State Securities Board has jurisdiction over this matter pursuant to Tex. Gov't Code § 4007.106(a)(3).

2. Nexo Inc. is a Cayman Islands corporation formed in 2020. Nexo Inc. wholly owns Nexo Capital, Inc. Nexo Inc. is not registered to do business in Texas and is not registered with the Texas State Securities Board in any capacity.

3. Nexo Capital Inc. ("Nexo Capital") is a Cayman Islands corporation formed in 2018 with its principal place of business in Grand Cayman, Cayman Islands which provides virtual currency-related financial services to retail and institutional borrowers in the

United States, including trading, borrowing, and lending services. Nexo Capital is not registered to do business in Texas and is not registered with the Texas State Securities Board in any capacity.

4. Nexo Financial LLC ("Nexo Financial") is a Delaware limited liability company formed in 2018 with its principal place of business in London, United Kingdom. Nexo Financial holds certain licenses, including money transmitter licenses and lending licenses in some states but is not registered with the Texas State Securities Board in any capacity.

5. Nexo Group comprises business entities organized primarily in European countries and territories, including but not limited to Nexo Inc., Nexo Capital Inc., and Nexo Financial LLC. The Nexo Group is not registered to do business in Texas and is not registered with the Texas State Securities Board in any capacity.

6. Antoni Trenchev is a co-founder and Managing Partner of the Nexo Group and a director and manager of certain companies within the Nexo Group, including Nexo Capital. Antoni Trenchev is responsible for supervising day-to-day business activities of the Nexo Group companies, including ensuring their compliance with applicable legislation, rules, and regulations. Antoni Trenchev is not registered with the Texas State Securities Board in any capacity.

### The Offer and Sale of Securities Nationwide

7. Between about June 17, 2020, and December 6, 2022 ("Offering Period"), Nexo has offered and sold its EIP accounts to new and/or existing Texas investors. The EIP enables investors to passively earn interest by loaning certain digital assets ("Eligible

Earn Assets") to Nexo. Nexo's EIP investors have no part in selecting, monitoring, or reviewing the revenue-generating activities that Nexo utilizes to earn this interest.

8.    As of July 31, 2022, there were 5,769 Texas EIP accounts earning interest with a total Texas EIP savings wallet value of $70,090,000. Nationally, there were 93,318 EIP accounts earning interest with a total EIP savings wallet value of $800,260,000.

9.    Nexo has promoted their financial services, including the EIP, to investors primarily through their website at http://www.nexo.io/ and their mobile Nexo app. On its website, Nexo has provided information about its EIP and a list of supported virtual currencies and their corresponding interest rates. Nexo additionally has promoted the EIP on social media through various platforms including Twitter, Instagram, and YouTube. Through Nexo's website, blog, and social media accounts, Nexo has represented interest rates on these EIP accounts of up to 36%, significantly higher than the rates offered for short-term, investment grade, fixed-income securities or for bank savings accounts.

10.    In offering its EIP, Nexo has failed to disclose material information about the investment, including, but not limited to, Nexo's EIP interest generation deployment activities, Nexo's legal and regulatory compliance, and the limitations of Nexo's financial representations.

11.    Nexo has allowed, with certain limitations, anyone either 18 years or older, depending on the jurisdiction, to open an EIP account and access Nexo wallet services. When opening a Nexo account, an investor will go through several user identity-verification protocols, including, at a minimum, the provision of an investor's legal name, date of birth, and address. An investor will then transfer fiat currency (EUR, GBP, and

USD) from a bank account to their Nexo account. Investors can also add cryptocurrency to their Nexo wallet by transferring assets from another crypto exchange or wallet.

## Nexo's Earn Interest Product

12.     Nexo ceased offering its EIP to new investors in Texas after August 2, 2021, after the Texas State Securities Board's inquiry into Nexo's business. From approximately August 2, 2021, until approximately February 19, 2022, existing Texas investors could deposit additional fiat currency and cryptocurrency into their existing EIP accounts and could continue to earn interest on their invested EIP Eligible Earn Assets. Thereafter, on February 19, 2022, Nexo disallowed any US investors who had not yet opened a Nexo Account from opening an EIP savings wallet. Also on February 19, 2022, Nexo disallowed any existing US investors from adding additional assets into their existing EIP savings wallets.

13.     In Nexo's EIP, an investor agrees to invest their Eligible Earn Assets with Nexo, in exchange for passively earning interest that is deposited into the investor's EIP savings wallet. EIP investors begin accruing interest 24 hours after investing Eligible Earn Assets with Nexo.

14.     Nexo has offered their EIP in the form of either a Flex EIP Savings Wallet Term ("Flex Term Investment") or a Fixed EIP Savings Wallet Term ("Fixed Term Investment"). Interest from an investor's Eligible Earn Assets is credited to an investor's EIP savings wallets either at the expiration of the Fixed Term Investment, or daily for a Flex Term Investment.

15.    For a Flex Term Investment, there is no required "holding" time for an investor to lend their Eligible Earn Assets, and these investors are able to withdraw their Eligible Earn Assets at any time subject to the terms and conditions of a Nexo wallet.

16.    For a Fixed Term Investment, investors are unable to withdraw their Eligible Earn Assets for the duration of a defined term. When investing in a Fixed Term Investment, an investor can elect to utilize Nexo's "automatic renewal" feature to rollover their investment at the end of the defined term.

17.    The interest rate Nexo pays an investor on their invested Eligible Earn Assets is determined by several factors, including the length of the Eligible Earn Assets loan, the type of cryptocurrency loaned, and whether the investor has a Flex Term Investment or a Fixed Term Investment. Generally, the longer that an investor agrees to maintain their Eligible Earn Assets with Nexo, the higher the rate of return.

18.    After February 19, 2022, while Nexo disallowed additional deposits into existing EIP savings wallets, Nexo continued to allow existing investors enrolled in a Fixed Term Investment to rollover their EIP Eligible Earn Assets into a new Fixed Term Investment.

19.    In actions from September through November 2022, the NASAA Working Group concluded that Nexo's offer to an investor the option to automatically renew their Fixed Term Investment for another identical term, along with the investor's decision to enroll, constitutes an offer and sale of a security.

20.    On December 6, 2022, Nexo ceased to offer the EIP to investors within the NASAA Working Group.

## Deployment and Income-Generating Activities

21. In accordance with the EIP terms and conditions, the EIP savings wallet interest rate is subject to revision from time to time, at Nexo's sole and absolute discretion. Included in the EIP terms and conditions, investors are required to acknowledge that they:

> …understand and agree that we [Nexo] might convert, pledge, re-pledge, hypothecate, rehypothecate, sell, lend, or otherwise transfer, dispose of or use any amount of any Digital Assets in regard to which you use the Nexo Earn Interest Product, separately or together with other property, and for any period of time, and without retaining in our [Nexo's] possession and/or control for delivery a like amount thereof or any other assets, at our [Nexo's] sole and absolute discretion.

22. As such, any profit earned by Nexo investors is earned solely through the efforts of Nexo with means determined solely by Nexo.

23. Nexo groups and deploys investor Eligible Earn Assets with other investors' Eligible Earn Assets and similar, Nexo-owned assets (e.g., Eligible Earn Bitcoin Assets with other Nexo-owned Bitcoin assets). To earn income to pay interest to EIP investors, Nexo engages in deployment activities including the staking, lending, arbitrage, and provision of liquidity on certain decentralized finance platforms, in addition to the lending of aggregated investor Eligible Earn Assets to retail and institutional borrowers.

**Nexo's Representations Regarding the Offer and Sale of EIPs**

24.     In offering the EIP to Texas investors, Nexo has failed to disclose material information related to Nexo's EIP interest generation, Nexo's regulatory compliance, and Nexo's financial representations.

25.     Nexo has failed to disclose its lending agreements or the terms contained therein to EIP investors, and as such, Nexo's EIP investors are not provided with information as to whom Nexo's institutional lending partners are, how long the term loan is, or whether these loans are over-collateralized, despite Nexo's assurances that all loans are provided in an over-collateralized fashion. Consequently, Nexo EIP investors cannot adequately evaluate the risk associated with their participation in the EIP prior to investing their Eligible Earn Assets with Nexo.

26.     Nexo's website represents to EIP investors that "Nexo has gone the extra mile in ensuring compliance with the applicable regulatory frameworks. Together with our top-tier legal counsel and engaging proactively with the regulatory decision-makers we ensure the sustainability of our products for years to come."

27.     Concurrently, Nexo makes the following statements on its website: "The Nexo Group has legal entities in various locations throughout the world...and is in compliance with all applicable global and local regulations...rest assured that Nexo is compliant everywhere it provides services and retains top-tier legal counsels in the jurisdictions of its operation." Further, within the footer of Nexo's website, Nexo displays the phrase "Licensed & Regulated Digital Assets Institution."

28.     Through these representations, Nexo gives investors the impression that their investments are less risky. On or about June 30, 2021, Nexo Co-Founder Trenchev

appeared on a Yahoo Finance Live broadcast titled, "Crypto-focused banking: Nexo Co-Founder discusses his company's growth and business model." On this broadcast, Trenchev stated that he "would argue, from a financial perspective… that [Nexo is] safer, especially for the larger clients, than your average bank." On July 1, 2021, Nexo re-posted this broadcast to its YouTube channel, and re-named it, "Nexo is Safer than your Average Bank…"

29.    Nexo Capital is the entity that operates Nexo's website and conducts the EIP offering. This is not disclosed on the website; instead, the website often uses the name "Nexo" without further clarification. Of the licenses and registrations identified on Nexo's website, Nexo Capital only held two—a money service business registration license in Canada and a registration as a foreign company in Australia. Notably, none of the Nexo respondents hold securities licenses in the State of Texas.

30.    As such, Nexo: 1) fails to specify Nexo Capital as the operator of the website and provider of the services offered therein; 2) lists the licenses of one or more entities that are not actually doing business in the relevant jurisdictions and that are not conducting the business offered and provided through the website on which the licenses and registrations are listed; and 3) makes the false statement that the Nexo Group is in compliance with "all applicable … regulations."

31.    Nexo represents on its website and through the Nexo YouTube video, "How to Earn Crypto Interest," that an investor's Eligible Earn Assets are secured at all times by Nexo's asset-backed portfolio of over-collateralized loans. Nexo also states that the platform lends to individuals and institutions only on an over-collateralized basis, which

is, in part, how Nexo states that they keep EIP interest rates consistent over time and "basically eliminate counter party risk."

32.    Further, on or about June 10, 2021, Nexo advertised a forthcoming "real-time audit" of Nexo's custodial assets by Armanino LLP,[1] which they represented would show that the company's assets exceed liabilities. In a Daily Hodl article published on June 10, 2021, Antoni Trenchev stated, "We are happy to have opened our books to allow Armanino...to verify that our company's assets exceed liabilities at all times and demonstrate how seriously we treat Nexo's commitments to our customers."

33.    In a Nexo blog post published on September 23, 2021, Nexo presented the Armanino report, which purports to offers a "real-time audit of Nexo's custodial assets, showing the company's assets always exceed liabilities." This Armanino report is updated daily and Nexo claims that it provides the following assurances: 1) "Fully Backed: Your holdings on Nexo's platform are backed by assets by more than 100%"; 2) "Properly Managed: Third-party assurance that your funds on the Nexo platform are properly managed and accounted for"; and 3) "Always Available: 24/7 proof of Nexo's ability to meet all liabilities owed to you at any time." This Armanino report is publicly available online at https://real-time-attest.trustexplorer.io/nexo.

34.    More recently, as a response to a competing cryptocurrency firm freezing customer withdrawals on June 12, 2022, Nexo's Twitter account tweeted:

> All Nexo products are operating normally – Borrow, Earn, Exchange...Nexo is the first and only blockchain finance company to have a real-time audit of its custodial assets, showing that the

---

[1] Armanino LLP is a Public Company Accounting Oversight Board ("PCOAB") – certified auditor, accounting and consulting firm in the US.

company's assets exceed its liabilities at all times which attests to Nexo's liquidity and ability to meet all of its obligations…Nexo is in a solid liquidity and equity position to readily acquire any remaining qualifying assets of Celsius, mainly their collateralized loan portfolio….

35. Nexo provided a link to their real-time attestation Armanino report within the body of this tweet.

36. Nexo's provision of the Armanino report in conjunction with these claims of financial stability gives the appearance that the Armanino report can support Nexo's claims of financial stability in a turbulent market.

37. Despite representations by Nexo, the data and figures set forth in the Armanino report contain several material shortcomings, as described in the report's Agreed Upon Procedures, that limit the report's ability to provide assurances of Nexo's financial stability. These limitations include 1) a failure to identify non-Customer Liabilities; 2) a failure to identify whether Customer Liabilities include the collateral that Nexo holds for over-collateralized retail loans; 3) a failure to identify the liquidity of Nexo's assets; 4) a failure to identify doubtful loan accounts (e.g., a distressed or non-paying borrower accounts); and 5) a failure to identify whether Nexo's deposit liabilities are secured or otherwise collateralized by Nexo's assets.

38. As such, this report is of limited value and cannot be used to support Nexo's claims that "Nexo's assets exceed their liabilities by more than 100%."

**Failure to Comply with Registration Requirements**

39.    During the Offering Period, Nexo Capital Inc.'s offer and sale of the EIP was not done subject to an exception or exemption from registration or permitting.

40.    During the Offering Period, Nexo Capital Inc. offered and sold securities in Texas that were not registered or permitted for sale in Texas as required by Tex. Gov't Code § 4003.001.

## CONCLUSIONS OF LAW

41.    The offer and/or sale of Nexo Capital Inc.'s Earn Interest Product described above constitutes the offer and/or sale of a security as defined in Tex. Gov't Code § 4001.068.

42.    During the Offering Period, Nexo Capital Inc.'s offer and sale of securities in Texas that were not registered or permitted for sale in Texas violated Tex. Gov't Code § 4003.001.

43.    The foregoing violation of Tex. Gov't Code §§ 4001.068, 4003.001 constitutes the basis for the assessment of an administrative fine against Nexo Capital Inc. pursuant to Tex. Gov't Code § 4007.106(a)(3).

## ORDER

On the basis of the Findings of Facts, Conclusions of Law, and Nexo Capital Inc.'s consent to the entry of this Order, IT IS HEREBY ORDERED:

44.    This Order concludes the securities investigation by the Enforcement Division with respect to Nexo's Earn Interest Product, and resolves any other securities action the Enforcement Board could commence against Nexo Capital Inc. and its affiliates concerning the Findings of Fact and Conclusions of Law, including as it relates to the offer and sale of the EIP without registration, qualification, or otherwise complying with an

exemption and the above-referenced statements regarding Nexo Capital Inc.'s material misrepresentations and omissions made thereto during the Offering Period.

45.    This Order is entered into solely for the purpose of resolving the referenced multistate securities investigation with respect to the EIP and is not intended to be used for any other purpose. Other than the obligations and provisions set forth herein, this Order does not limit or create liability for Nexo Capital Inc. nor limit or create defenses for Nexo Capital Inc. to any claims.

46.    This Order is not intended to subject any Covered Person to any disqualifications under the laws of the United States, any state, the District of Columbia, Puerto Rico, or the U.S. Virgin Islands, or under the rules or regulations of any securities or commodities regulator or self-regulatory organization, including, without limitation, any disqualification from relying upon the state or federal registration exemptions or safe harbor provisions. "Covered Persons" means Nexo Capital Inc., its parent, or any of its affiliates and their current or former officers, directors, employees, or other persons that could otherwise be disqualified as a result of the Orders.

47.    Nexo Capital Inc. is **HEREBY ORDERED** to cease and desist from:

   a. Offering or selling the EIP or any security that is not registered, qualified, or exempt to new investors Texas;

   b. Accepting further investments or funds in the EIP by current Texas investors, unless and until the EIP or other securities are registered or otherwise exempt under Texas law; and

   c. Intentionally providing interest or other returns on any existing Texas investors' EIP accounts until such securities are registered, qualified, or otherwise

exempt. This means that Nexo Capital Inc. shall diligently endeavor to ensure that interest payments are not provided to residents of Texas after April 1, 2023.

48.    Nexo Capital Inc. is hereby ORDERED to pay an administrative fine in the amount of **$212,264.15**.[2]

49.    Full payment in the amount of **$212,264.15** (in United States dollars) shall be made in the following installments:

   a. **$70,754.72** due immediately upon entry of this Order;

   b. **$47,169.81** due 90 days upon entry of this Order;

   c. **$47,169.81** due 180 days upon entry of this Order; and

   d. **$47,169.81** due 270 days upon entry of this Order.

50.    If Nexo Capital Inc. fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Order, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Enforcement Division without further application to the Enforcement Division.

51.    Payment must be made by certified check, bank cashier's check, or United States postal money order, made payable to the Commissioner and hand-delivered or mailed to:

> Securities Commissioner
> Texas State Securities Board
> 208 E. 10th Street, Room 610
> Austin, Texas 78701

Payments must be accompanied by a cover letter identifying Nexo (with relevant tax

---

[2] In addition to this order, Nexo Capital Inc. agreed to the entry of Consent Order No. 2023-008a with the Texas Department of Banking.  Consent Order No. 2023-008a assessed an administrative penalty of $212,264.15.  Collectively, Consent Order No. 2023-008a and this order assess administrative penalties of $424,528.30.

identification numbers). A copy of the cover letter must be sent to Joe Rotunda, Director, Enforcement Division, and Jane Lee, Attorney, Enforcement Division, by mail at the Texas State Securities Board, 208 E. 10th Street, Room 610, Austin, Texas 78701, or by electronic mail at jrotunda@ssb.texas.gov and jlee@ssb.texas.gov.

52.    Nexo Capital Inc. is further ORDERED to require verification of the identity of all new account holders to ensure that it does not provide services to Texas, and to implement IP-based geo-blocking restricting access by prospective new account holders from Texas to Nexo's app, websites, and services.

53.    This Order shall be binding upon Nexo Capital Inc., its parent and affiliates, and their respective successors and assigns with respect to the provisions above and all future obligations, responsibilities, undertakings, commitments, limitations, restrictions, events, and conditions.

SIGNED AND ENTERED by the Securities Commissioner this __17th__ day of __April,__ 2023.

TRAVIS J. ILES
Securities Commissioner

## CONSENT TO ENTRY OF ADMINISTRATIVE ORDER BY NEXO CAPITAL INC.

Nexo Capital Inc., on behalf of itself and the Nexo Group, Nexo Inc., Nexo Financial LLC, and Antoni Trenchev, hereby acknowledges that it has been served with a copy of this Order, has read the foregoing Order, is aware of its right to a hearing and appeal in this matter, and has waived the same.

Nexo Capital Inc. attests that it has adequate funds and resources to (i) facilitate, honor, and fulfill withdrawals of all assets belonging to residents of the 53 jurisdictions, and (ii) pay the agreed-upon settlement payments to the 53 Jurisdictions. Nexo Capital Inc. agrees to further attest that it can perform the foregoing actions and still be solvent and without material impact to its ongoing operation. "Solvent" means that Nexo Capital Inc. (a) can pay its debts as they become due; (b) owns property that has a fair saleable value greater than the amounts required to pay its debt (including a reasonable estimate of the amount of all contingent liabilities); and (c) has adequate capital to carry on its business. In connection with Nexo's products and services and related transactions, Nexo Capital Inc. is not incurring, has not incurred, and does not plan to incur, debts beyond its ability to pay as they become absolute and matured.

Nexo Capital Inc. admits the jurisdiction of the Texas State Securities Board, neither admits nor denies the Findings of Facts and Conclusions of Law contained in this Order, and consents to entry of this Order by the Texas State Securities Board as settlement of the issues contained in this Order. Notwithstanding the foregoing, Nexo Capital Inc. will admit the findings of fact and conclusions of law for the purposes of exceptions to discharge in bankruptcy proceedings under any jurisdiction, including the

proceedings set forth in sections 523 and 1192 of the Bankruptcy Code, 11 U.S.C. §§ 523; 1192.

Nexo Capital Inc. unconditionally guarantees payment of the administrative fine in the amount of Two Hundred Twelve Thousand Two Hundred Sixty-Four Dollars and 15/100 [$212,264.15] as agreed in this Order.

Nexo Capital Inc. agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any state, federal, or local tax for any administrative fine that Nexo Capital Inc. shall pay pursuant to this Order.

Nexo Capital Inc. agrees that for any EIP accounts, savings wallets, and non-collateral wallets held by residents of the 53 Jurisdictions after April 1, 2023 (collectively, "Legacy Accounts"), (i) Legacy Account holders are the title, beneficial, and legal owners of all fiat currency and digital assets held in their Legacy Accounts; (ii) Nexo will assist customers beyond April 1, 2023, with any withdrawals/transfers; and (iii) Nexo will implement the following:

   a. US Legacy Account assets shall be segregated from other assets under the management and control of Nexo.

   b. By April 1, 2023, all digital assets held in Legacy Accounts shall be free of counterparty obligations, and after that date Nexo will not convert, pledge, rehypothecate, sell, lend, stake or otherwise transfer, dispose of or use any amount of digital assets held in Legacy Accounts.

   c. No interest will accrue in or otherwise be applied to Legacy Accounts.

   d. Nexo Capital Inc. will continue to allow Legacy Account holders to have access to their Legacy Accounts for the sole purpose of making

withdrawals by any such Legacy Account holder or their representative. Withdrawals may be in the form of transfers of digital assets to personal wallets or by selling the digital assets and transferring the fiat proceeds, at the discretion of the Legacy Account holder.

Nexo Capital Inc. states that no promise of any kind or nature whatsoever was made to it to induce it to consent to this Order and that it has consented to this Order voluntarily.

Antoni Trenchev represents, under the penalty of perjury, that s/he is Managing Director for Nexo Capital Inc., and that s/he has been authorized by Nexo Capital Inc. to enter into this Order for and on behalf of Nexo Capital Inc.

Dated this 13th day of April, 2023.

By: _____

Title: Managing Director _____

## APPROVED AS TO FORM

By: _____
      Joe Rotunda
      Director of Enforcement
      Texas State Securities Board

By: _____
      Name:
      Schulte Roth & Zabel, LLP
      Counsel for Nexo Capital, Inc.

By: _____
      Jane Lee
      Enforcement Attorney
      Texas State Securities Board

## APPROVED AS TO FORM

By: Joe Rotunda   Digitally signed by Joe Rotunda
Date: 2023.04.13 08:43:52
-05'00'
_____
Joe Rotunda
Director of Enforcement
Texas State Securities Board

By: _____
Name:
Schulte Roth & Zabel, LLP
Counsel for Nexo Capital, Inc.

By: Jane Lee   Digitally signed by Jane Lee
Date: 2023.04.13 09:20:12
-05'00'
_____
Jane Lee
Enforcement Attorney
Texas State Securities Board