| | | |
|---|---|---|
| PETER FAGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 4:24-cv-00466 |
| | § | |
| NEXO CAPITAL, INC. and ANTONI | § | |
| TRENCHEV, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION TO STAY DISCOVERY

Through two rounds of briefing, Defendants have not once mentioned Local Rule CV-26 or its dictate that "except in cases involving qualified immunity," "pending motions to dismiss" provide "no excuse" from "responding to discovery." This case doesn't involve qualified immunity. So as detailed in Dr. Fagan's response, the usual rules govern. And those rules offer "no basis" for "a court to stay discovery pending a ruling on a motion to dismiss or transfer venue." *Dexon Comp., Inc. v. Cisco Sys., Inc.*, No. 5:22-cv-RWS-JBB, 2022 WL 22375187, at *1 (E.D. Tex. Sept. 7, 2022); *see also In re Brown*, 219 B.R. 725, 729 (Bankr. S.D. Tex. 1997) ("Defendant's argument for dismissal on grounds of forum non conveniens is essentially an objection to venue.").

Defendants' reply does not cite a single case that supports their request for a stay. Instead, they try misdirection by claiming that Dr. Fagan's authority does not "address[] the propriety of a discovery stay pending a ruling on a FNC or Rule 12(b)(2) motion." Doc. 23 at 1. That argument ignores the plain text of Rule CV-26. More important, it is wrong.

In *Uniloc*, as here, the defendant claimed that there was no personal jurisdiction in the Eastern District and argued that, because the case should have been brought in Korea, discovery should be stayed pending resolution of its motion to dismiss "to avoid the unnecessary expenditure of [its] resources":

> Kakao alleges a fundamental jurisdictional defect in this case, due to its status as a foreign corporation having no facilities, employees, presence, or activities within or direct to Texas. Given the due process implications of Kakao's motion, and having to proceed despite the lack of jurisdiction, a stay should be granted until Kakao's motion to dismiss is decided. Kakao therefore respectfully requests that the Court stay this case until the Court rules on Kakao's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 17).

*Uniloc USA, Inc. v. Kakao Corp.*, No. 2:16-cv-0576-JRG, Doc. 28 at 1–2 (E.D. Tex. Dec. 9, 2016).

Judge Gilstrap rejected this argument under Local Rule CV-26 because "the mere filing of a motion to dismiss under Federal Rule of Civil Procedure 12 does not justify a stay." *Uniloc USA, Inc. v. Google, Inc.*, No. 2:16-cv-0566-JRG, Doc. 33 at 2 (E.D. Tex. Dec. 29, 2016).[1] That means *any* Rule 12 motion, including motions to dismiss for personal jurisdiction under Rule 12(b)(2). *Id.*

The same is true for a *forum non conveniens* motion, which presents no jurisdictional concerns and is treated like any other motion to dismiss. *In re Brown*, 219 B.R. at 729 ("Defendant's argument for dismissal on grounds of forum non conveniens is essentially an objection to venue."); *see also Carey v. Sub Sea Int'l, Inc.*, 211 F.3d 594, at

---

[1] The motion and order have two different cause numbers because two separate *Uniloc* cases were consolidated. *See id.* at 1.

*3 (5th Cir. 2000) (citations omitted) (explaining that "[f]orum non conveniens does not raise a jurisdictional bar").[2]

At bottom, Defendants' stay request boils down to confidence in their own motions to dismiss and hope that the Court converts that confidence into an "expeditious" ruling. Doc. 23 at 3. But the Court has already held that confidence and hope in your own arguments is not enough to "stay discovery." *N.H. v. Castilleja*, No. 4:22-cv-0436-ALM, 2023 WL 149989, at *4 (E.D. Tex. Jan. 10, 2023) (citations omitted). For all these reasons, the Court should deny Defendants' motion.

---

[2] Defendants read too much into Dr. Fagan's reference to *OKTEX Util. Constr., Inc. v. MasTec N. Am., Inc.*, No. 3:21-cv-2551-B, 2022 WL 785315, at *3 (N.D. Tex. Mar. 15, 2022). *See* Doc. 23 at 2 n.4. Dr. Fagan cited that case, which is factually and procedurally distinct, because it concisely states that, contrary to Defendants' arguments, "enforcement of a forum-selection clause is a matter of contract, not subject-matter jurisdiction." *See* Doc. 22 at 3–4 (quoting *OKTEX*). This is settled law. *See, e.g.*, *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001) ("Remand orders are frequently not the subject of appellate review because district courts frequently remand . . . for lack of subject matter jurisdiction. When a district court remands a suit relying on a contractual forum selection clause, that decision is not based on a lack of subject matter jurisdiction and is therefore outside of the statutory prohibition on our appellate review."); *Novatel, Ltd. v. Infinitibox Int'l S.A. de C.V.*, No. SA-12-CV-186-XR, 2012 WL 12931526, at *2 (W.D. Tex. Oct. 23, 2012) (citations omitted) (holding "that enforcement of a forum selection clause is a waivable defense" and thus "not jurisdictional").

November 7, 2024                    Respectfully submitted,

**REESE MARKETOS LLP**


By: */s/ Tyler J. Bexley*
     Tyler J. Bexley
     Texas Bar No. 24073923
     tyler.bexley@rm-firm.com
     Jamison M. Joiner
     Texas Bar No. 24093775
     jamison.joiner@rm-firm.com
     Allison N. Cook
     Texas Bar No. 24091695
     allison.cook@rm-firm.com
     750 N. Saint Paul St. Ste. 600
     Dallas, Texas 75201-3201
     Telephone: (214) 382-9810
     Facsimile: (214) 501-0731


**ATTORNEYS FOR PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 7, 2024, a true and correct copy of this document was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.


 */s/ Tyler J. Bexley*
Tyler J. Bexley