**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| PETER FAGAN, | ) | No. 4:24-cv-00466-ALM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| NEXO CAPITAL INC. and ANTONI | ) | |
| TRENCHEV, | ) | |
| | ) | |
| Defendants. | | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO**
**DISMISS ANTONI TRENCHEV PURSUANT TO RULE 12(B)(2)**
**AND MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

## INTRODUCTION

Plaintiff's opposition fails to rebut the grounds for dismissal raised in Defendants' motion to dismiss for lack of personal jurisdiction and failure to state a claim. Defendants address Plaintiff's key arguments in this 10-page-limited reply and stand on their original motion as to the remaining issues.

## ARGUMENT

### I.   THE COURT SHOULD DISMISS DEFENDANT ANTONI TRENCHEV FOR LACK OF PERSONAL JURISDICTION.

Plaintiff does not dispute that the Court lacks general personal jurisdiction over Antoni Trenchev—a Bulgarian citizen who resides in the U.A.E. Plaintiff's specific personal jurisdiction argument boils down to Plaintiff's contention that a conclusory "control" allegation against Trenchev—without any alleged personal involvement in the conduct at issue—is sufficient to personally hail Trenchev into the federal courthouse in Sherman, Texas. The basis for this contention is Plaintiff's observation that federal or state securities laws impose liability on "control persons" in certain circumstances.  Yet Plaintiff fails to respond to Defendants' arguments about why Plaintiff is wrong: (1) conclusory control allegations are insufficient to establish specific personal jurisdiction over foreign directors;[1] (2) alleged personal involvement in the alleged securities fraud is necessary to establish personal jurisdiction over alleged control persons, because purposeful availment is the "constitutional touchstone" of personal jurisdiction;[2] and (3) the substantive liability provisions of state or federal securities laws cannot, standing alone, create personal jurisdiction over alleged foreign control persons.[3] Another federal court recognized these principles and dismissed

---

[1] *Basic v. BProtocol Found.*, No. A-23-CV-533-RP, 2024 U.S. Dist. LEXIS 135377, at *13 (W.D. Tex. July 31, 2024).

[2] *Basic*, 2024 U.S. Dist. LEXIS 135377, at *13; *Cambria Cnty. Emps. Ret. Sys. v. Venator Materials PLC*, 532 F. Supp. 3d 440, 452 (S.D. Tex. 2021); *Palmer v. Rutherford*, No. 4:23-cv-00095, 2024 U.S. Dist. LEXIS 117550, at *7 (E.D. Tex. July 3, 2024).

[3] *City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 667 (6th Cir. 2005) ("The broad understanding of control person liability adopted by the securities laws cannot on its own support personal jurisdiction. This approach would, as one persuasive opinion stated, 'impermissibly conflate[] statutory

Trenchev for lack of personal jurisdiction with respect to a complaint making quite similar allegations. *See Cress v. Nexo Fin. LLC*, No. 23-cv-00882-TSH, 2023 U.S. Dist. LEXIS 182136, at *22 (N.D. Cal. Oct. 10, 2023). This Court should do the same.

Plaintiff cites *Peticure, LLC*, No. 4:08cv345, 2009 WL 2356120, at *3 (E.D. Tex. July 30, 2009) to support his argument that the Court has personal jurisdiction over Trenchev, but he fails to meet the two standards for personal jurisdiction identified in that case. The first is for defendant's "own tortious conduct, which had reasonably foreseeable consequences within Texas." 2009 WL 2356120, at *3 (citations omitted). Plaintiff does not—and cannot—plead any tortious conduct by Trenchev himself with respect to the alleged theft of Plaintiff's cryptocurrency.

The second is if the corporate director "is an alter ego of a corporation over which the district court has established personal jurisdiction." *Id.* at *3 (citation omitted). This is different than arguing that corporate affiliates are alter egos; Plaintiff must plausibly allege that *Trenchev himself* is the "alter ego" of Nexo Capital Inc.—an international cryptocurrency platform that Plaintiff pleads had 112,000 U.S. investors and $2.7 billion in assets from U.S. investors. Dkt. 2 ¶ 33. He fails to do so. *See, e.g.*, *Gonzalez v. Bank of Am. Ins. Servs., Inc.*, 454 Fed. App'x 295, 300–01 (5th Cir. 2011) (no jurisdiction over defendant where plaintiff offered "almost no support" for his alter ego allegations).

Plaintiff then argues that *Nexo's* EIP settlement with Texas regulators establishes personal jurisdiction over *Trenchev*. This argument is meritless. Plaintiff admits that "Trenchev was not a party to the settlements." Dkt. 17 at 7. Trenchev signing the settlement as a *corporate representative* does not create specific personal jurisdiction over claims against Trenchev personally in a different case. *See Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985) ("an individual's transaction of business within the

---

liability with the Constitution's command that the exercise of personal jurisdiction must be fundamentally fair.'") (quoting *In re Baan Co. Sec. Litig.*, 245 F. Supp. 2d 117, 129 (D.D.C. 2003)).

state solely as a corporate officer does not create personal jurisdiction over than individual though the state has *in personam* jurisdiction over the corporation"); s*ee also Cress*, 2023 U.S. Dist. LEXIS 182136, at *21 (signing contract as corporate representative does not create personal jurisdiction over Trenchev).

## II. THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM.

### A. The economic loss rule bars all non-contractual statutory and tort claims.

The economic loss rule "precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007) (citation omitted). Here, the relationship between Fagan and Nexo is governed by the Services Terms and the Earn Terms. Plaintiff does not try to distinguish the authority cited by Nexo showing that courts dismiss TTLA, conversion, and negligence claims in these circumstances.[4]

Plaintiff's primary response is that there was no contract at all because—despite accepting a quarter million dollars in EIP interest over a two-year period—Fagan did not consent to the T&Cs governing his Nexo account. The Court should reject this argument because Plaintiff expressly pleads the existence of the T&Cs and his acceptance of benefits thereunder, including his use of the Nexo platform and acceptance of interest. *See Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 640 (5th Cir. 2007) (estoppel by contract "forbids a party from accepting the benefits of a transaction"—i.e., interest—"and

---

[4] *See Lincoln Gen. Ins. Co. v. U.S. Auto Ins. Servs*., 787 F.3d 716, 725 (5th Cir. 2015) ("Several Texas cases have applied the economic loss rule to claims for misappropriating property entrusted under a contract."); *Pratt v. S. Austin Family Practice Clinic LLP*, No. A-18-CV-173-LY, 2021 U.S. Dist. LEXIS 168393, at *15 (W.D. Tex. June 7, 2021), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 168251, at *3 (W.D. Tex. July 26, 2021) (dismissing with prejudice claims for fraud, conversion, misappropriation, and TTLA); *Firequip, Inc. v. Frac, LLC*, No. MO:17-CV-00073-RAJ, 2018 U.S. Dist. LEXIS 228924, at *9 (W.D. Tex. Jan. 10, 2018) (concluding that "Plaintiff's conversion and TTLA claims were bared by economic loss rule … where it makes sense to defer to the parties bargained-for agreement as to the allocation of economic losses they might incur over the course of their business relationship."); *Aries Bldg. Sys. v. Vanguard Univ. of S. Cal.*, No. 4:19-CV-3307, 2021 U.S. Dist. LEXIS 215576, at *8 (S.D. Tex. July 14, 2021) (concluding claim for negligent performance of contract was barred by economic loss rule).

3

then subsequently taking an inconsistent position"—such as the invalidity of the contract—"to avoid corresponding obligations or effects"). While the FNC motion implicates the issue of whether Fagan was bound by certain *amendments* to the *Earn Terms* only, that issue is not presented in this Rule 12(b)(6) motion. Nexo does not rely on the contents of any affidavit in support of its Rule 12(b)(6) motion; those affidavits are only relevant to the Rule 12(b)(2), Section 1404 transfer, and FNC motions. For Rule 12(b)(6) purposes, the only relevant question is whether the parties' relationship is governed by one or more contracts, and the answer to that question is yes. The version of that contract is irrelevant. Plaintiff's cited authority is distinguishable.[5]

> **B.**      **The negligence claim is barred because Defendants owe no common law duty.**

Plaintiff's negligence claim is also barred because Nexo did not owe Plaintiff a tort duty of care independent of the T&Cs. Issues related to unauthorized access and account security are expressly covered by the Services Terms. A judicially-created, undefined tort duty of care would conflict with the risk allocation provisions in the T&Cs. All of Plaintiff's cited cases do not purport to address the alleged common law duty of cryptocurrency platforms to prevent or reduce unauthorized access or third-party hacking (what is the scope of that hypothetical duty beyond the requirements of contract or statute?), and involve different factual scenarios.[6] This Court should dismiss the negligence claim because Defendants did not owe Plaintiff any common law duty. *See id.*; *see also, e.g.*, *Benchellal v. Okonite Co., Inc.*, 2024

---

[5] This factual scenario is more like *Firequip, Inc.*, than any of Plaintiff's cited cases.  *See MSMTBR, Inc. v. Mid-Atl. Fin. Co.*, No. 01-12-00501-CV, 2014 WL 3697736, at *5 (Tex. App.–Houston 2014) (plaintiff was holding title of cars under a contract and sold the cars); *Cass v. Stephens*, 156 S.W.3d 38, 69 (Tex. App.–El Paso 2004) (fraud caused jointly-owned well owners to pay for goods and services they did not receive); *Vickery v. Tex. Carpet Co.*, 792 S.W.2d 759, 763 (Tex. App.–Houston 1990) (defendant sold a building without allowing plaintiff to recover the carpet inside or compensating it for the carpet).

[6] *See Bd. of Gov. of Fed. Res. Sys. v. DLG Fin. Corp.*, 29 F.3d 993, 1001 (5th Cir. 1994) (not a negligence case); *Hernandez v. Servis One, Inc.*, No. 4:15-CV-00596-ALM-CAN, 2017 WL 9250311, at *3–4 (E.D. Tex. Jan. 25, 2017) (duty to report truthful and accurate statements on credit reports); *Gilstrap v. Beakley*, 636 S.W.2d 736, 741 (Tex. App.–Corpus Christi 1982) (duty to preserve the property securing a debt); *First State Bank of Lyford v. Parker*, 27 S.W.2d 279, 281 (Tex. App.–San Antonio 1930) (duty of a regulated domestic bank).

WL 1057475, at *5 (S.D. Tex. Mar. 11, 2024) (rejecting plaintiff's negligence claim because plaintiff could not demonstrate that defendant "owed a duty of care to prevent the scam perpetrated by a criminal third party").

**C.    Plaintiff's fraud and securities claims fail because Plaintiff fails to establish scienter, economic loss, and loss causation.**

Plaintiff fails to properly plead multiple elements of his fraud and securities claims, and the Court should dismiss them. To recover under § 10(b) and Rule 10b-5, plaintiff must prove: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267 (2014) (quotation omitted). Plaintiff here does not meet the pleading standard under Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA") regarding three of these elements: scienter, economic loss, and loss causation.

Plaintiff does not properly plead scienter. "The required state of mind is an intent to deceive, manipulate, or defraud or severe recklessness." *Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527, 533 (5th Cir. 2008) (quotation omitted). "The inference of scienter must ultimately be cogent and compelling, not merely reasonable or permissible." *Id.* (quotation omitted). Plaintiff alleges scienter in conclusory fashion: "Nexo Capital made these material statements (and omissions) with the intent to deceive, manipulate, or defraud investors. Alternatively, Nexo Capital made these statements (and omission) with severe recklessness." Dkt. 2 ¶ 105.

This formulaic recitation of scienter is insufficient. *See, e.g.*, *In re Capstead Mortg. Corp. Secs. Litig.*, 258 F. Supp. 2d 533, 564 (N.D. Tex. 2003) (stating "in a conclusory fashion that Defendants 'knew,' 'should have known,' 'were reckless' in not knowing, and 'falsely' stated particular facts" is insufficient under the PSLRA and Rule 9, as "[t]his type of conclusory recitation fails to provide the specific facts

upon which an inference of conscious behavior may be based") (citation omitted). To the extent Plaintiff's claims are based on alleged misrepresentations about account security and unauthorized access, there are also no plausible allegations that those statements were false when made. *See Yuille v. Uphold HQ Inc.*, 686 F. Supp. 3d 323, 351 (S.D.N.Y. 2023) (dismissing fraud claim because "the allegations made by Plaintiff—that a single account (Plaintiff's own) was compromised and that Defendant failed to respond sufficiently timely to an outside attack—do not demonstrate that the impression was false when Uphold communicated that [the platform was secure] to consumers.").

Plaintiff similarly does not plead economic loss—he does not plead that his alleged EIP security declined in value, and he acknowledges that he received his EIP interest. *See* Dkt. 17 at 14, 16. In this Circuit, "economic loss" means the difference between the price paid and the "true" value of the security when initially purchased, or between the price paid and the subsequent price to which the stock dropped. *See, e.g.*, *Ludlow v. BP, P.L.C.*, 800 F.3d 674, 682 (5th Cir. 2015); *Enron Corp. Sec. v. Enron Corp.*, 439 F. Supp. 2d 692, 702 (S.D. Tex. 2006). Plaintiff argues that out-of-pocket damages are not the only measure of damages available in securities cases. Dkt. 17 at 23. This does not relieve him of the requirement to plead economic loss. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 336 (2005) (plaintiff must plead "that he suffered actual economic loss"). Plaintiff's attempt to distinguish *Cress* on this point is not persuasive. Dkt. 17 at 22–23. In *Cress*, the court dismissed a similar state law securities fraud claim because plaintiff did not plausibly allege economic loss. Rather than pleading that the alleged EIP security declined in value, Cress admitted that he received the EIP interest. *See* 2023 WL 6609352, at *15. The same result applies here, including because the statutory damages formula under the California and Texas securities laws are similar—price paid minus value received. *Compare* Cal. Corp. Code § 25501, *with* Tex. Govt. Code § 4008.057.

6

Additionally, Plaintiff fails to plead loss causation. To do so, plaintiff must plead "that the defendant's fraudulent act or omission caused the loss for which the plaintiff seeks to recover." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255 (5th Cir. 2009). Here, Plaintiff merely argues that the loss of his cryptocurrency was caused by an alleged theft, not Nexo's supposed misrepresentations about EIP. Dkt. 17 at 21. This implicates the well-established principle that a claim founded solely on conversion or theft of securities is not recognizable under § 10(b) and Rule 10b-5. *Advanced Laser Prods., Inc. v. Signature Stock Transfer, Inc.*, 1999 WL 222385, at *3 (N.D. Tex. Apr. 12, 1999).

Plaintiff then attempts to salvage this argument, arguing that the Court should adopt a "materialization of the risk" theory. Dkt. 17 at 18–19. However, the Fifth Circuit has not adopted this theory. *Pang v. Levitt*, No. 1:22-cv-01191-DAE, 2023 WL 11643704, at *17 (W.D. Tex. Dec. 20, 2023), *reconsidered on other grounds*, 2024 WL 2108842 (W.D. Tex. Apr. 22, 2024) (declining to adopt theory).

Finally, the Court should follow its sister court in the Western District and hold that this was not a "domestic transaction" subject to private securities laws. *See Basic,* 2024 WL 4113751, at *9 (citation omitted). Plaintiff's out-of-circuit authority involved a suit by the SEC against a domestic seller, *SEC v. Traffic Monsoon, LLC,* 245 F. Supp. 3d 1275, 1295 (D. Utah 2017), and his in-circuit authority was another SEC case—both of which implicate a statutory extraterritoriality standard limited to claims brought by the SEC or U.S. *SEC v. Balina*, No. 1:22-CV-00950-DAE, 2024 WL 2332965, at *8 (W.D. Tex. May 24, 2024); *SEC v. Scoville*, 913 F.3d 1204, 1215 (10th Cir. 2019) (citing 15 U.S.C. § 77v(c)).

### D.    Plaintiff's EFTA claims are barred by the statute of limitations.

Plaintiff's Electronic Fund Transfer Act ("EFTA") claim is barred by the one-year statute of limitations. 15 U.S.C. § 1693m(g). In the case of "purely unauthorized transfers," "the one-year time limitation is triggered by each individual transfer," and the discovery rule does not apply—whether the claim is brough under 15 U.S.C. § 1693g, *Soileau v. MidSouth Bancorp Inc.*, No. 6:19-CV-00537, 2019

U.S. Dist. LEXIS 182194, at *10-11 (W.D. La. July 19, 2019); *Soileau v. MidSouth Bancorp, Inc.* 2020 U.S. Dist. LEXIS 47763 at *9 (W.D. La. Feb. 26, 2020), or under 15 U.S.C. § 1693f, *see Randolph v. Comerica Bank*, No. 3:13-CV-4810-B-BH, 2014 U.S. Dist. LEXIS 60129, at *6 (N.D. Tex. Mar. 3, 2014). Thus, any EFTA claims challenging the unauthorized transfers themselves, or seeking reimbursement, credit, or "error correction" for those unauthorized transfers, are time-barred.

Plaintiff attempts to distinguish *Randolph*, claiming that "the [*Randolph*] plaintiff did not allege that the defendant failed to conduct a good faith investigation into his complaints. Rather, the plaintiff complained strictly about the transactions themselves." Dkt. 17 at 26 n.6. (citations omitted). But the *Randolph* plaintiff sought reimbursement under EFTA's error resolution provisions. 2014 U.S. Dist. LEXIS 60129, at *1, 4-5. Plaintiff does the same—he alleges Nexo violated 15 U.S.C. § 1693f because it did not "expeditiously investigate and *correct the errors associated with the unauthorized electronic fund transfer*." Dkt. 2 ¶ 126 (emphasis added). To the extent Plaintiff alleges a Section 1693f claim based on Nexo's failure to "correct the errors associated with the unauthorized electronic fund transfer," the claim is time-barred. 2014 U.S. Dist. LEXIS 60129, at *6.

Aside from error correction, Plaintiff pleads failure to provide documentation and failure to investigate under EFTA. Dkt. 2 ¶ 126. To the extent those theories seek reimbursement, credit, or error correction, they are time-barred for the reasons explained above. As to the failure to provide documentation claim, it is time-barred because Plaintiff filed suit more than one year after the allegedly erroneous transfers were made, and more than one year after the documentation was allegedly due. *Id.* ¶ 69. Plaintiff alleges Nexo violated 15 U.S.C. § 1693d by not "shar[ing] documentation of the[] electronic transfers with Dr. Fagan." Dkt. 2 ¶ 126. Of course, the third-party threat actor who compromised Plaintiff's Nexo account could have deleted such documentation. However, to the extent such a duty existed, it arose no more than a month after the final transfer. So the occurrence of the alleged documentation violation

was no later than April 5, 2023, and Plaintiff's Section 1693d claim is time-barred. *See* 15 U.S.C. § 1693d (referring to documentation due at time of transfer and periodic statements due at least monthly).

As to the failure to investigate claim, the statute of limitations began 10 days after Plaintiff provided notice. *See Apostolidis v. JP Morgan Chase & Co.,* No 11-CV-5664 (JFB) (WDW), 2012 WL 5378403, at *6 (E.D.N.Y. Nov. 2, 2012) ("With respect to a failure to investigate claim . . . the statute of limitations begins to run ten days after the consumer provides the oral or written notice of the alleged error to the financial institution."). Plaintiff pleads he first contacted Nexo about the alleged theft on March 15, 2023, when he complained that this account was frozen and "someone, internal to Nexo, is trying to steal [his] funds" (Dkt. 2 ¶ 67).[7] Because the statute began running 10 days later, this claim is also time-barred. 2012 WL 5378305, at *7 (statute of limitations commenced after "plaintiff's first complaint").[8]

### E.    The Court should dismiss Plaintiff's equitable claims because Plaintiff pleads the existence of a contractual relationship with Nexo.

Finally, the Court should dismiss equitable claims where enforceable contracts exist: "when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory." *Villarreal v. First Presidio Bank*, 744 Fed. App'x 204, 207 n.5 (5th Cir. 2018) (quotation

---

[7] Even assuming the last possible date, which Plaintiff vaguely pleads as "May 2023" to avoid admitting that his claim is time-barred (Dkt. 2 ¶ 76), the claim is still subject to dismissal on limitations grounds because "any uncertainty . . . flows from Plaintiff['s] own imprecise allegations." *Farag v. Health Care Serv. Corp.*, No. 17 C 2547, 2017 WL 2868999, at *9 (N.D. Ill. July 5, 2017); *see also Dorsey v. U.S. Bank Nat'l Ass'n*, No. 11-cv-231-JJB, 2012 WL 13001917, at *3 (M.D. La. Apr. 2, 2012) (date of plaintiff's notification was essential to EFTA claim and without it, plaintiff's complaint could not sustain a plausible claim for relief).

[8] Defendants made additional arguments in the Motion that EFTA does not cover Plaintiff's Nexo account, EFTA does not apply here because the EIP is a security, and EFTA does not apply to cryptocurrency more broadly. Plaintiff points to two decisions in the Southern District of New York that contradict these arguments.  *See* Dkt. 17 at 27–28 (citing *Nero v. Uphold HQ Inc.*, 688 F. Supp. 3d 134 (S.D.N.Y. 2023); *Rider v. Uphold HQ Inc.*, 657 F. Supp. 3d 491 (S.D.N.Y. 2023)). As Defendants argued in the Motion, this Court need not make new law in this Circuit by rubber-stamping these decisions, as even S.D.N.Y. authority is split on this issue. *See Yuille v. Uphold HQ Inc.*, 686 F. Supp. 3d 323, 343 (S.D.N.Y. 2023) (rejecting the holding in *Rider* that a crypto account is an "account" within the meaning of EFTA and granting a motion to dismiss plaintiff's EFTA claim).

omitted). Here, the equitable claims are barred because Plaintiff pleads the existence of the T&Cs and attaches them as an exhibit to his complaint. Dkt. 2 ¶¶ 15, 27-33 & Ex. 4 (attaching Earn Terms).

    **F.    The EFTA and negligence claims are barred because Plaintiff only pleads intentional theft by Nexo.**

Plaintiff claims that he engaged in alternative pleading by alleging both intentional claims (Nexo stole his cryptocurrency) and negligence-type claims (somebody else stole it). But Plaintiff's pleading is crystal clear that he is relying ***exclusively*** on an intentional theft-by-Nexo theory. True, a plaintiff may plead alternative theories of recovery. *Gurley v. Am. States Ins. Co.*, 55 F.3d 632 (5th Cir. 1995). But in "such a case, a plaintiff must plead sufficient facts to support the plausibility of all alternative theories." *Benson v. Russell's Cuthand Creek Ranch*, No. 5:14-cv-161-JRG, 2016 U.S. Dist. LEXIS 203798, at *4 (E.D. Tex. Aug. 23, 2016); *accord Dick v. Colo. Hous. Enters., L.L.C.*, 780 F. App'x 121, 126 (5th Cir. 2019) ("The plaintiff argues she is entitled to plead in the alternative, but she failed to plead facts sufficient to state an alternative theory of unjust enrichment. The complaint never alleges, even in the alternative, that there was no valid express contract to govern the parties' dealings."). Absent such factual support, alternative claims are subject to dismissal for failure to state a claim, just like any other claim. *See, e.g.*, *Virtamove v. Hewlett Packard Enter. Co.*, No. 2:24-CV-00093-JRG, 2024 U.S. Dist. LEXIS 189040, at *20 (E.D. Tex. Oct. 16, 2024). Thus, the EFTA and negligence claims are inadequately pled and must be dismissed, including because Plaintiff acknowledges that the "EFTA does exempt 'an electronic fund transfer initiated by the financial institution or its employee' from its reach." Dkt. 17 at 27.

## CONCLUSION

For the foregoing reasons, Defendants Nexo Capital Inc. and Antoni Trenchev respectfully request that this Court dismiss Trenchev for lack of personal jurisdiction and dismiss Plaintiff's claims in their entirety for failure to state a claim, as well as any other relief that the Court may deem appropriate.

Dated:  November 11, 2024

Respectfully submitted,

*/s/ Ian S. Shelton*
Ian S. Shelton (SBN 24056305)
BAKER & MCKENZIE LLP
800 Capitol Street, Suite 2100
Houston, TX 77002
Phone: (713) 427-5029
Fax: (713) 427-5099
ian.shelton@bakermckenzie.com

Alexander P. Fuchs (admitted *pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
1114 Avenue of Americas
The Grace Building, 40th Floor
New York, NY 10036
Phone: (212) 389-5000
Fax: (212) 389-5099
alexfuchs@eversheds-sutherland.com

Michael Bahar (admitted *pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street, NW, Suite 700
Washington, D.C. 20001
Phone: (202) 383-0882
Fax: (202) 637-3593
michaelbahar@eversheds-sutherland.com

*Attorneys for Defendants Nexo Capital Inc. and Antoni Trenchev*

11